**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: 516-203-7600
Fax: 516-282-7878
*Attorneys for Plaintiff*
Our File No.: 121330

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| Chana Biener, Individually and on Behalf of Others Similiarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Associated Credit Services, Inc.,<br><br>Defendant. | Case No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Chana Biener ("*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Associated Credit Services, Inc. ("*Defendant*"), as follows:

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).  The Court has supplemental jurisdiction exists over the any state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New Jersey.

1

## PARTIES

5. Plaintiff Chana Biener is an individual who is a citizen of the State of New Jersey residing in Union County, New Jersey.

6. Plaintiff is a natural person allegedly obligated to pay a debt.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. Upon information and belief, Defendant Associated Credit Services, Inc., is a Massachusetts Corporation with a principal place of business in Worcester County, Massachusetts.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## THE FDCPA AS IT RELATES TO THE CLAIMS HEREIN

10. Congress enacted the FDCPA in 1977 upon finding "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." And that debt collection abuse by third party debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977) *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

11. At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id*. Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

12. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). See also *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573 (2010).

13. After determining that the existing consumer protection laws were inadequate, §§ 1692(b), 1692(e), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

14. The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors. *Moyer v. Patenaude & Felix, A.P.C.*, 991 F.3d 466 (3d Cir. 2021) *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

15. To further these ends, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jenson v. Pressler & Pressler,* 791 F.3d 413, 419 (3d Cir. 2015) quoting *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

16. When deciding if a debt-collection action violates the FDCPA, Courts employ the "least sophisticated debtor" standard. *Jenson,* 791 F.3d 413 at 418. "The standard is an objective one, meaning that the specific plaintiff need not prove that she was actually confused or misled, only that the objective least sophisticated debtor would be." *Id*. at 419. This standard "protects naive consumers, [but] also 'prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care.' " *Wilson*, 225 F.3d at 354–55 (quoting *United States v. Nat'l Fin. Servs., Inc.,* 98 F.3d 131, 136 (4th Cir. 1996)).

17. Instead, "the test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." *Russell,* 74 F.3d at 34.

18. If a debt collector's communication is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer, it violates the FDCPA. *Devito v. Zucker, Goldberg & Ackerman, LLC,* 908 F. Supp. 2d 564, 569 (D.N.J. 2012*).*

19. Similarly, a communication violates the FDCPA if it is "open to more than one reasonable interpretation, at least one of which is inaccurate,". *Wilson v. Quadramed Corp*., 225 F.3d 350, 353 (3d Cir. 2000) quoting *Russell,* 74 F.3d at 35.

20. "The FDCPA is a strict liability statute to the extent that it imposes liability without proof of an intentional violation." *Allen ex. rel, Martin v. LaSalle Bank, N.A*., 629 F.3d 364, 368 (3d Cir. 2011). As such, a debt collector's intent may only be considered as an affirmative defense. 15 U.S.C. § 1692k(c).

## **FACTUAL ALLEGATIONS**

21. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

22. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed

by consumers.

23. The principal purpose of Defendant's business is the collection of such debts.

24. Defendant uses the mails in its debt collection business.

25. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

26. Defendant alleges Plaintiff owes a debt (the "alleged Debt").

27. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

28. The alleged Debt does not arise from any business enterprise of Plaintiff.

29. Upon information and belief, the alleged Debt arises from a Six Flags Membership (the "Membership Agreement" or "Agreement").

30. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

31. At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

32. At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

33. In its efforts to collect the alleged Debt, Defendant contacted Plaintiff by letters including the letter dated June 18, 2020 (the "Letter"). (A true and accurate copy of the Letter is annexed hereto as Exhibit 1).

34. The Letter was the initial written communication Plaintiff received from Defendant concerning the alleged Debt.

35. The Letter conveyed information regarding the alleged Debt.

36. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

37. The Letter was received and read by Plaintiff.

38. The Letter idetifies "SIX FLAGS THEME PARKS" as Creditor (the "alleged Creditor" or "Creditor").

39. Upon information and belief, the Membership Agreement is subject to certain terms and conditions.

40. The Membership Agreement required 12 monthly payments of $8.96 beginning July 14, 2019.

4

41. The total amount due pursuant to the Membership Agreement $107.52 (the "Contract Price").

42. Plaintiff thereafter made seven (7) consecutive monthly payments in accordance with the Agreement in the amount of $62.72.

43. Plaintiff's Creditor received and accepted payment in the amount of $8.96 (the "Monthly Payment") for each month, in the amount of $62.72

44. At an exact time unknown, Plaintiff's Creditor stopped accepting Monthly Payments.

45. For reasons unbeknownst to Plaintiff, at some time thereafter, Plaintiff's Creditor stopped requesting Monthly Payments.

46. The Creditor accepted seven (7) of these Monthly Payments in satisfaction of any monies owed at the time.

47. At the time Plaintiff received the Letter, payments in the amount of $62.72 had been made, leaving a balance of $44.80 of the Contract Price.

48. At the time Plaintiff received the Letter the Membership Agreement had not yet expired.

49. On the date she received the Letter, Plaintiff was only obligated to have tendered eleven (11) Monthly Payments.

50. At the time plaintiff received the Letter, the Plaintiff should not have owed any amount in excess of $35.84.

51. At the time the Letter was sent, the Plaintiff could not have owed more than $44.80.

52. On or about July 3, 2020, Plaintiff sent a written dispute to the Creditor upon learning of the Alleged Debt.

53. On or about July 3, 2020, Plaintiff contacted the Creditor and cancelled her membership.

54. Upon information and belief, Plaintiff did not owe the alleged Debt at all.

55. Upon information and belief, that if Plaintiff did owe any monies to Defendant or Creditor, the amount due would be less than the alleged Debt as stated in the Letter.

56. The Letter states a Principal Balance of $69.60

57. The amount of the alleged Debt reflects there is no interest or fees.

58. The Letter states the amount of interest is $0.00.

59. The Letter states the amount of fees is $0.00.

60. The alleged Debt does not accurately reflect the correct number of Monthly Payments plaintiff made.

61. The amount of the alleged Debt does not accurately reflect the number of Monthly Payments Creditor received.

62. Plaintiff is being overcharged or under credited in the amount of monies paid.

63. The amount of the alleged Debt is inaccurate.

64. The amount of the alleged Debt is misleading.

65. The amount of the alleged Debt is false.

66. 15 U.S.C. § 1692g protects Plaintiff's concrete interests. Plaintiff has the interest and right to receive a clear, accurate and unambiguous validation notice, which allows a consumer to confirm that he or she owes the debt sought to be collected by the debt collector. As set forth herein, Defendant deprived Plaintiff of this right.

67. 15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendant. As set forth herein, Defendant deprived Plaintiff of this right.

68. Plaintiff's injury is "particularized" and "actual" in that the letter that caused the injury was addressed and sent to Plaintiff specifically.

69. Plaintiff's injury is directly traceable to Defendant's conduct, because Defendant sent the Letter.

70. A favorable judicial resolution of Plaintiff's case would redress Plaintiff's injury with damages.

71. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

72. Plaintiff has been misled by Defendant's actions.

73. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to use abusive, deceptive, unfair and unlawful means in its attempts to collect the Debt.

74. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will ultimately cause her unwarranted economic harm.

75. As a result of Defendant's conduct, Plaintiff was forced to hire counsel and therefore has incurred damages including reasonable attorneys' fees in reviewing Plaintiff's rights under the law and prosecuting this claim.

76. As a result of Defendant's conduct, Plaintiff's counsel was forced to expend time and money to investigate the enforceability of the Debt.

77. Upon information and belief, Plaintiff can prove that all actions taken by Defendant as described in this Complaint were taken willfully, with either the desire to harm Plaintiff with knowledge that its actions would very likely harm Plaintiff, and/or with knowledge that its actions were taken in violation of the law.

## **FIRST COUNT**

78. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

79. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

80. As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide the amount of the debt.

81. To comply with 15 U.S.C. § 1692g(a)(1), a statement of the amount of the debt must clearly, accurate and without ambiguity convey, from the perspective of the least sophisticated consumer, the actual amount of the debt.

82. The Letter claims that Plaintiff owes $69.60 (the "Claimed Amount").

83. Plaintiff did not owe the Claimed Amount at the time the alleged Debt was assigned or otherwise transferred to Defendant for collection.

84. Plaintiff did not owe the Claimed Amount at the time Defendant sent Plaintiff the Letter.

85. Plaintiff did not owe the Claimed Amount at the time Plaintiff received the Letter.

86. As such, Defendant did not clearly convey, from the perspective of the least sophisticated consumer, the actual amount of the alleged Debt as required by 15 U.S.C. § 1692g(a)(1).

87. As such, Defendant did not accurately convey, from the perspective of the least sophisticated consumer, the actual amount of the alleged Debt as required by 15 U.S.C. § 1692g(a)(1).

7

88. For the foregoing reasons, Defendant violated 15 U.S.C. § 1692g(a)(1) and is liable to Plaintiff therefor.

89. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

90. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

91. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

92. The Letter claims that Plaintiff owes the Claimed Amount.

93. Plaintiff did not owe the Claimed Amount at the time the alleged Debt was assigned or otherwise transferred to Defendant for collection.

94. Plaintiff did not owe the Claimed Amount at the time Defendant sent Plaintiff the Letter.

95. Plaintiff did not owe the Claimed Amount at the time Plaintiff received the Letter.

96. Defendant's allegation that Plaintiff owed the Claimed Amount is a false representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

97. Defendant's allegation that Plaintiff owed the Claimed Amount is a deceptive representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

98. Defendant's allegation that Plaintiff owed the Claimed Amount is a false representation of the character of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

99. Defendant's allegation that Plaintiff owed the Claimed Amount is a false representation of the amount of the alleged Debt and the legal status of the Debt in violation of 15 U.S.C. § 1692e(2)(A).

100. Defendant's allegation that Plaintiff owed the Claimed Amount is a false representation and deceptive means made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor

## SECOND COUNT

101. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

102. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

103. As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

104. To comply with 15 U.S.C. § 1692g(a)(1), a statement of "the amount of the debt" must accurately state the amount of the debt.

105. An overstatement of the amount of a debt violates 15 U.S.C. § 1692g(a)(1).

106. The Letter claims that Plaintiff owed $69.60 (the "Claimed Amount").

107. Plaintiff did not owe the Claimed Amount.

108. Plaintiff owed an amount less, if any, than the Claimed Amount.

109. Defendant overstated the amount owed by Plaintiff.

110. Defendant's overstatement of the amount owed by Plaintiff violates 15 U.S.C. § 1692g(a)(1).

111. For the foregoing reasons, Defendant violated 15 U.S.C. § 1692g(a)(1) and is liable to Plaintiff therefor.

112. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

113. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

114. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

115. An overstatement of the amount of a debt is a false representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e, 1692e(2)(A) and 1692e(10).

116. An overstatement of the amount of a debt is a deceptive, misleading and false representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e, 1692e(2)(A) and 1692e(10)

9

117. Defendant's overstatement of the amount owed by Plaintiff – specifically, that Plaintiff owed the Claimed Amount when Plaintiff owed an amount less than the Claimed Amount – is a false, deceptive, and misleading representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e, 1692e(2)(A) and 1692e(10).

118. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

## CLASS ALLEGATIONS

119. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer classes (the "Class") consisting of:

　　a. All consumers who have an address the State of New Jersey
　　b. who were sent a collection letter from the Defendant
　　c. attempting to collect a consumer debt
　　d. which lists "Six Flag Theme Parks" as Creditor
　　e. which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

120. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

121. Excluded from the Plaintiff Classes are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

122. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit 1, violates the FDCPA for the reasons set forth herein.

123. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

124. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint.

125. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

126. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. Numerosity: The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

   b. Common Questions Predominate: Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit 1, violates the FDCPA.

   c. Typicality: The Plaintiffs' claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

   d. Adequacy: The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are averse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

   e. Superiority: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

127. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes

predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

128. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

129. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

130. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

### JURY DEMAND

131. Plaintiff hereby demands a trial of this action by jury.

### PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment be entered as follows:

a. Certifying this action as a class action; and
b. Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel;
c. Finding Defendant's actions violate the FDCPA; and
d. Awarding Plaintiff statutory damages in the amount of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A); and
e. Awarding Plaintiff actual damages in an amount to be determined at trial as provided under 15 U.S.C §1692k(a)(1) and;
f. Awarding Plaintiff's the costs of this action and reasonable attorneys' fees as provided under 15 U.S.C. § 1692k(a)(3); and
g. Awarding Plaintiff such other and further relief that the Court determines is just

and proper.

DATED: June 18, 2021

**BARSHAY SANDERS, PLLC**

By: */s Craig B. Sanders*
Craig B. Sanders, Esq.
Joenni Abreu, Esq.
Kara S. McCabe, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Email: csanders@barshaysanders.com
jabreu@barshaysanders.com
kmccabe@barshaysanders.com
Tel: 516-203-7600
Fax: 516-282-7878
*Attorneys for Plaintiff*
Our File No.: 121330